Vivian Shevitz
Attorney at Law
46 Truesdale Lake Drive
South Salem, New York 10590
914-763-2122
FAX: 914-763-2322
e-mail: Vivian@shevitzlaw.com

September 5, 2008

Honorable Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>EBERHARD v. MARCU,  03 Civ 0813 (RMB)</u>
     <u>And UNITED STATES v. EBERHARD, 08 civ. 5622 (RMB)</u>

Dear Judge Berman:

    I write in reply to the S.E.C.'s opposition to our request to dismiss the Receiver. The S.E.C. argues that, even though the case is *withdrawn* by that agency, the Court should keep the Receiver because he is an officer of the Court. The S.E.C. *also* argues that the Receiver should not be judicially estopped by the fact that the government's attorney has alleged that the stock in Borderline NS was indeed transferred to Mrs. Eberhard.

    The S.E.C. has withdrawn its claim. The S.E.C. does not state what interest or standing it has to object to our position. It has none, because it is no longer a party. Because it is not a party, and has withdrawn its action for disgorgement, it cannot continue to claim that Borderline NS is in the Receivership estate. If it *were* in the action, it would be judicially bound by the position of the U.S. Attorney, who, on behalf of the United States, takes the position that Borderline NS was transferred to Mrs. Eberhard prior to the institution of the S.E.C.'s

action, and, therefore, should *not* have been and should *not* be in the Receivership Estate.

The S.E.C.'s suggestion that the Receiver can still make a claim for the property because he is an agent of the Court, is but an invitation to have this Court pursue its own claim. The Court itself has and *should* have *no* interest in the issue.

As to the suggestion that judicial estoppel should not apply to the Receiver even assuming he should be permitted to continue asserting claims that only a party to a lawsuit can make (though the party is no longer in the case), the suggestion ignores the fact that the Receiver is not in fact Todd Eberhard, but is rather an agent of the Court of the United States.

Todd Eberhard, of course, claims that he *did* transfer the property to his mother. The United States Attorney, now the only party with a live "case or controversy" within the meaning of Article III of the U.S. Constitution, *also* says that Bordeline NS was transferred. The U.S. Attorney speaks for the United States. The Court and *its* agent should have no interest or authority to take a position *contrary* to the Attorney for the same government.

In support of its position, the S.E.C. points only to the statement of the Second Circuit, in vacating the Order of this Court in *this* case, that the Receiver was "free to claim that they conveyance did not occur." Eberhard v. Marcu, 530 F.3d at 134. However, the Second Circuit did not know that the S.E.C. withdrew its action and its request for disgorgement; it also did not know that the only "live" party – the United States -- has taken the position that the transfer of stock to Mrs. Eberhard *did* occur.

The Court should not countenance this parade of positions, nor accept the invitation to become a party with its own contrary viewpoint. The Court should dismiss the Receiver and certainly not allow him to take a position adverse to the position of the U.S. Attorney.

Very truly yours,

Vivian Shevitz

Cc: Alan Vinegrad (by e-mail)
 Andrew Ruffino (by e-mail)
 Barbara Ward (by e-mail)
 Kathleen Zebrowski (by e-mail)
 Jeff Alberts (by e-mail)
 Irving Picard (by e-mail)